JOHN T. CRIM, plaintiff in error, *vs.* STEPHEN A. SELLARS, defendant in error.

1. Plaintiff read in evidence, his note, which was "to be paid in currency that is at par." Defendant moved a non-suit because there was no proof of the value of such currency. The Judge refused the non-suit. The refusal was right. If the defendant wished to reduce the finding, he should have done so by testimony.
2. The failure to move for a new trial below, precludes this Court from correcting the errors in a verdict.

Complaint.     Scaling   Ordinance.     Tried  before  Judge WORRILL.   Schley Superior Court.   April Term, 1867.

Sellars sued Crim upon the following paper :

" $2,931.00.—One day after date I promise to pay S. A. Sellars or bearer, Twenty-nine Hundred and Thirty-one dollars, for value received, to be paid in currency that is at par. April 10th, 1863.                    J. T. CRIM."

The defendant sought to have the note scaled, under the Ordinance.

Plaintiff closed after reading the note in evidence. Thereupon defendant moved for a non-suit because there was no proof of the value of the currency in which said paper was payable.   The Court overruled the motion and held that plaintiff was entitled to recover in currency what was equal to gold.   The defendant then testified that the consideration of the note was cotton bought at thirty-five cents per pound ; that it was to be paid in Confederate currency, and that at that time cotton was worth that price in Confederate currency, and that he sold the cotton for that a few days after the purchase ; that the cotton was bought on short credit.   Sellars pressed him for payment—he had not the money, and said to Sellars that he must wait till he sold the cotton, or take it back.   Cotton had declined, and Sellars would not take it back.   Then the note was made, and afterwards Sellars claimed gold on the note, but defendant insisted that it was payable in Confederate currency.   It was shown that cotton and gold were relatively of the same value in Confederate

currency, and that at the date of the note one gold dollar was worth five Confederate dollars.

The plaintiff, in rebuttal, testified that the note was given for cotton at thirty-five cents per pound, but naught was said at the time of giving the paper as to what kind of currency would discharge it; that at the time he would have taken Confederate currency for it, because then he could have used such currency profitably, and the transaction was a cash one, but he would not have taken such currency when the note was given, and so told him. Crim had failed twice to pay as he had promised, and when the note was taken, objected t o paying gold, saying he could not get it. Sellars then agreed to take it in currency at par, that is, equal to specie.

Crim offered, in 1865, to pay the amount in Confederate money, which was then almost worthless.

Plaintiff also examined Bivins, who testified that plaintiff and defendant came into his presence, and Crim was contending that the cotton was to be paid for in Confederate money, and Sellars denying that, and they went off, and said paper was taken.

The Court charged the jury, among other things, as follows: Crim's defense is, that on the 10th of April, 1863, he purchased from plaintiff, 8,374 pounds of cotton at thirty-five cents per pound, to be paid in Confederate currency, and that the note was given to secure the payment of the money; that the cotton was worth ten cents per pound in gold; that plaintiff was entitled to thirty-eight and a half per cent. upon the value of the cotton in gold (that being the difference between gold and greenbacks) which would make $1,160.00; and that that was the amount which plaintiff should recover, and no more.

But should the jury conclude that that was not the contract, then they should decide the case under the ordinance of 1865. That ordinance provides that when a contract like this is sued on, it shall be admissible for the parties to show the currency in which it was to be paid, and the value of such currency; that the contract shall receive an equitable construction, and that the jury shall render a verdict upon

principles of equity. If the proof shows that the defendant made a bad bargain in the purchase of the cotton, and agreed to pay for it a great deal more than it is worth in equity, he is not entitled to relief unless he was deceived and imposed upon by plaintiff.

Under this charge the jury found in favor of the plaintiff for the face of the paper with interest and costs of suit.

There was no motion made for a new trial. The refusal of the nonsuit upon the ground decided by the Court and the charge (generally) are assigned as erroneous.

BLANFORD & MILLER, for plaintiff in error.

S. HALL, C. B. HUDSON, for defendant in error.

HARRIS, J.

1. This case is shortly this : Plaintiff below in support of his declaration, put in evidence a note of Crim, dated the 10th of April, 1863, at one day for $2,931, *to be paid in currency that is at par*, and closed.

A nonsuit was then moved by Crim's attorney on the ground that the plaintiff had failed to prove the value of the currency in which the note was to be paid. The Judge overruled the motion, saying that the plaintiff was entitled to recover in currency that *was equal to gold.* The reason given for his decision is assigned as error. We are unable to perceive what other proof was necessary to be made by plaintiff than that made, to cast the *onus* on defendant. The nonsuit was then properly refused. Nor is there error—if error can properly be assigned upon a reason given for a right decision—in the interpretation put upon the words in the note. *Prima facie*, they mean what he said they meant or they are meaningless. If there was any ambiguity in these words the Code provided amply for their explanation by the allowance of parol testimony to that end. By the ordinance, too, of November, 1865, the defendant was let into all the defences which the circumstances attending the contract for the cotton and the giving of the note, furnished. A trial was

had, it seems, in this case—testimony for plaintiff and defendant submitted to the jury—charges were given to the jury by the Judge on which no error is assigned, and a verdict was rendered for plaintiff for the amount called for by the note. *No motion was made by Crim's counsel for a new trial.*

2. Injustice is alleged to have been done by the verdict. This, upon the record before us, we might concede—but why come here to ask for a new trial on the ground that the verdict is contrary to evidence, when the law has commanded that the application should have been made to the Superior Court.

The failure to move the Superior Court for a new trial, precludes us from exercising the power of correcting the errors of juries in their findings.

See Mary Ann Wright vs. Ga. R. R. Co., 34 Vol. Ga. R. 33. Ellington vs. Coleman, 34, Vol. Ga. R. 427.

Perceiving no error of law in any of the rulings of the presiding Judge which could have led to *such* a verdict, we are constrained, as the case has been presented, to affirm the judgment.